# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ALLSTATE FIRE AND CASUALTY )
INSURANCE COMPANY, )
                                      Plaintiff, )
    v. )   Case No. CIV-15-1118-D
LUIS ADAME, FERNANDO )
ABOYTES, JUAN ARAIZA, )
ELSYE DAMAS, JOSE BARAJAS, )
and JOSE COTUC, )
                                  Defendants. )

## **ORDER**

In this declaratory judgment action, Plaintiff Allstate Fire and Casualty Insurance Company (Allstate) contends it owes no defense or indemnity obligations to Defendant Luis Adame (Adame) for a single-vehicle accident involving several of Adame's employees. Before the Court is Allstate's Motion for Summary Judgment [Doc. No. 29], to which Defendants have responded.[1] The matter is fully briefed and at issue.

---

[1] Default judgment was previously entered against Defendants Adame, Elsye Damas and Jose Cotuc for failing to answer or otherwise defend this action [Doc. Nos. 20, 22]. Accordingly, only Defendants Fernando Aboytes, Juan Araiza, and Jose Barajas contest the requested relief.

# BACKGROUND

The following material facts are either uncontroverted or deemed admitted, and are viewed in the light most favorable to Defendants. *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1220 (10th Cir. 2015).

Adame is the owner of LA Painting (LAP). In connection with his business, Adame owned a 1997 Ford Econoline van that was insured under an automobile policy, Policy No. 985 328 727, issued by Allstate (the Policy). The Policy stated, in pertinent part:

> **Exclusions – What Is Not Covered**
> **We** will not pay for any damages an **insured person** is legally obligated to pay because of:
> \* \* \*
> 6.  **bodily injury** to an employee of any **insured person**[2] arising out of or in the course of employment. …
> 7.  **bodily injury** to a co-worker injured in the course of employment. …

(Emphasis in original). Defendants Cotuc, Aboytes, Araiza, Damas, and Barajas were employees of LAP and Adame permitted Cotuc to drive the van as part of his employment. On July 12, 2014, Aboytes, Araiza, Damas, and Barajas were passengers in the van being driven by Cotuc. They were returning from a job site to LA Painting when they were involved in a single-vehicle accident. At the time of the accident, Aboytes, Araiza, Damas, Barajas, and Cotuc were acting within the

---

[2] The Policy defined an "insured person" as Adame, "any resident," and "any other person using [the van] with [Adame's] permission."

2

course and scope of their employment with LAP. Adame did not have workers' compensation insurance. On March 26, 2015, Aboytes, Araiza, and Barajas filed suit in Oklahoma County District Court against Cotuc and Adame, seeking damages for injuries suffered in the accident.

Allstate contends summary judgment is appropriate because (1) under Oklahoma's Financial Responsibility Law, the Policy bars coverage for claims against Adame and Cotuc for on-the-job injuries, and (2) under Oklahoma's Administrative Workers' Compensation Act, Cotuc is statutorily immune from suit brought by his co-workers for injuries arising from the accident.

## STANDARD OF DECISION

Rule 56(a), Federal Rules of Civil Procedure, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter asserted, but to determine whether there is a genuine issue for trial. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015). An issue is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. *Id*.

3

Once the moving party has met its burden, the burden shifts to the nonmoving party to present sufficient evidence in specific, factual form to establish a genuine factual dispute. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest upon the mere allegations or denials of its pleadings. Rather, it must go beyond the pleadings and establish, through admissible evidence, that there is a genuine issue of material fact that must be resolved by the trier of fact. *Salehpoor v. Shahinpoor*, 358 F.3d 782, 786 (10th Cir. 2004). Unsupported conclusory allegations do not create an issue of fact. *Finstuen v. Crutcher*, 496 F.3d 1139, 1144 (10th Cir. 2007).

## DISCUSSION

Subject matter jurisdiction for this action is predicated upon diversity of citizenship. *See* Compl. ¶ 8 [Doc. No. 1]. Therefore, the issues before the Court require consideration of Oklahoma law as well as the Policy. *Universal Underwriters Ins. Co. v. Winton*, 818 F.3d 1103, 1105-06 (10th Cir. 2016) (federal court applies law of forum state in diversity actions). Oklahoma's rules of construction for insurance policies are identical to those for contracts:

> An insurance policy is a contract. The rules of construction and analysis applicable to contracts govern equally insurance policies. The primary goal of contract interpretation is to determine and give effect to the intention of the parties at the time the contract was made. In arriving at the parties' intent, the terms of the instrument are to be given their plain and ordinary meaning. Where the language of a contract is clear and unambiguous on its face, that which stands expressed within its four corners must be given effect. A contract should receive a construction

4

> that makes it reasonable, lawful, definite and capable of being carried into effect if it can be done without violating the intent of the parties.

*May v. Mid-Century Ins. Co.*, 2006 OK 100, ¶ 22, 151 P.3d 132, 140 (citations omitted); *see also State Ins. Fund v. Ace Transp. Inc.*, 195 F.3d 561, 564 (10th Cir. 1999).

In addition, under Oklahoma law, "a contract of insurance ordinarily must be construed liberally in favor of the insured and strictly against the insurer where there exists any ambiguity, doubt or uncertainty as to its meaning. . . . An insurance policy's words of exclusion are to be narrowly viewed." *An-son Corp. v. Holland-America Ins. Co.*, 767 F.2d 700, 703 (10th Cir. 1985) (citations omitted). An insurance policy is to be taken as a whole, giving effect to every part if reasonably practicable, each clause helping to interpret the others. 15 OKLA. STAT. § 157. The Court should not focus on a particular clause or take language out of context. *Shawnee Hosp. Auth. v. Dow Constr., Inc.*, 1990 OK 137, ¶ 6, 812 P.2d 1351, 1353.

Likewise, Oklahoma's rules of statutory construction require that the Court, in reviewing a statutory provision, ascertain legislative intent by reading the statute's language in its plain and ordinary meaning. *Glasco v. State ex rel. Okla. Dep't of Corr.*, 2008 OK 65, ¶ 16, 188 P.3d 177, 184. "If the intent is plainly expressed and the statutory provision is uncontrolled by other parts of the statute or other statutes upon the same subject, there is no room for further inquiry." *Id.* (citing *McNeill v. City of Tulsa*, 1998 OK 2, ¶ 9, 953 P.2d 329, 332). "Where a plain reading leads to

inconsistency between the provisions in statutes on the same subject, the conflicting provisions dealing with the same subject will be harmonized to give effect to both." *Id*. "In construing conflicting statutory provisions, the courts will consider together the various provisions in the relevant statutes in harmony with the purpose." *Id*.

It is undisputed that Defendants Aboytes, Araiza, Damas, and Barajas were employees of LAP at the time of the accident and their injuries arose out of the course of their employment. It is further undisputed that LAP was a permissive user of Adame's van, and thus constituted an "insured person" under the terms of the policy. Under the plain language of the policy, there is no contractual obligation for Allstate to provide coverage to Defendants because the liability arose from injuries sustained as a result of the use of a vehicle by another employee (Cotuc) in Adame's business. The policy further excludes coverage in the instant case because Defendants' injuries arose out of their employment with an "insured person," here, LAP. Accordingly, Allstate is entitled to a declaratory judgment unless coverage is otherwise mandated.

Oklahoma's compulsory insurance law, 47 OKLA. STAT. 7-600 *et seq*., which is codified in the state's Financial Responsibility Act ("FRA" or "the Act"), requires

liability insurance in conjunction with the operation of a motor vehicle. *Id.* § 7-600(4).[3] The FRA states in relevant part:

> (b) Owner's policy. Such owner's policy of liability insurance:
>
> * * *
>
> 2. Shall insure the person named therein and any other person except as herein provided, as insured, using any such vehicle or vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such vehicle ….
>
> * * *
>
> (e) Policy need not insure workmen's compensation. Such motor vehicle liability policy need not insure any liability under any workmen's compensation law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of any such vehicle nor any liability for damage to property owned by, rented to, in charge of or transported by the insured.

47 OKLA. STAT. § 7-324.

As indicated, Oklahoma law does not require coverage in all situations; the FRA expressly excludes any requirement of coverage for liability on account of bodily injury to an "employee of the insured." *See Deffenbaugh v. Hudson*, 1990 OK

---

[3] The Oklahoma Supreme Court "has often pronounced that the clearly articulated public policy underlying Oklahoma's compulsory insurance law is to establish a comprehensive compulsory liability insurance law for the benefit of the innocent victims of the negligent operation or use of motor vehicles in this state." *Mulford v. Neal*, 2011 OK 20, ¶ 23, 264 P.3d 1173, 1179 (collecting cases).

7

37, ¶ 5, 791 P.2d 84, 86 ("The terms of [§ 7–324] clearly *relieve* insurers of any legal obligation to include in the standard motor vehicle liability policy a provision for indemnity against *employment-related* harm.") (emphasis in original). Such exclusions are aimed at employees because employees are, presumably, already covered by workers' compensation insurance and thus do not need such protection. *Cf. State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 524 (10th Cir. 1994) ("There is no imperative public policy need for automobile liability insurance where the injured party is covered by worker's compensation.") (applying Wyoming law, citation omitted); *Evanston Ins. Co. v. Dean*, No. 09-CV-49-CVE-TLW, 2009 WL 2972336, at *5 (N.D. Okla. Sept. 11, 2009) (noting that "employee exclusions" are commonplace and prevent insurers from paying claims against an employer that are covered by state workers' compensation laws); *see also* 8 COUCH ON INSURANCE 3d § 115:13.

To that end, under the exclusive remedy provision of the Oklahoma Administrative Workers' Compensation Act, 85A OKLA. STAT. § 5 (OWCA), an employee who is injured in the course of employment must seek recovery through the state's administrative workers' compensation plan. *Id*. § 5(A).[4] This exclusivity

---

[4] As noted by Judge Heaton, § 5's predecessor, 85 OKLA. STAT. § 12, was ruled unconstitutional by the Oklahoma Court of Civil Appeals as a prohibited special law. *See Cornelsen v. S&A Mfg., Inc.*, No. CIV-16-959-HE, 2017 WL 1610384, at *2 (W.D. Okla. Apr. 28, 2017) (citing *Wells v. Okla. Roofing & Sheet Metal, L.L.C.*,

8

provision does not, however, bar suit if "[a]n employer fails to secure the payment of compensation due to the employee as required by this act." *Id*. § 5(B)(1). Under such circumstances, "[a]n injured employee, or his or her legal representative in case death results from the injury, may, at his or her option, elect to claim compensation under this act or to maintain a legal action in court for damages on account of the injury or death[.]" *Id*.[5]

It is undisputed that Adame did not have workers' compensation insurance at the time of the accident. Accordingly, as permitted by Oklahoma law, Defendants pursued a state court action for damages on account of their injuries suffered in the accident. Although the Policy relieves Allstate from its duty to defend and indemnify, other defendants are not precluded from seeking redress in state court against Adame and Cotuc, and their contention that enforcing the exclusion would render them "without protection" is belied by the provision of § 5(B)(1). In sum, the

---

No. 112,844 (Okla. Civ. App. Apr. 28, 2016)). That ruling is currently on appeal to the Oklahoma Supreme Court.

[5] The OWCA provides "[t]he rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee … or anyone else claiming rights to recovery on behalf of the employee against the employer, or any … employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death." 85A OKLA. STAT. § 5(A). Earlier versions of the statute were interpreted to bar an action against a co-employee for on-the-job injuries. *See, e.g., Barfield v. Barfield*, 1987 OK 72, ¶ 11, 742 P.2d 1107, 1111; *Carroll v. Dist. Ct. of Fifteenth Judicial Dist. Ct., Cherokee Cnty.*, 1978 OK 73, ¶¶ 16-17, 579 P.2d 828, 832.

Court finds there is no duty to indemnify or defend the claims asserted by LAP's employees against Cotuc and Adame in the underlying state court action, which is not precluded by the OWCA.

## CONCLUSION

Defendant's Motion for Summary Judgment [Doc. No. 29] is **GRANTED** as set forth herein.

**IT IS SO ORDERED** this 21st day of November 2016.

*[signature]*
_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE